UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE SMILEY,                                         Case No. 1:15-mc-02

      Plaintiff,                                      Black, J.
                                                      Bowman, M.J.

  v.

TPA. PATALK,

      Defendant.

**REPORT AND RECOMMENDATION**

On February 11, 2015, Plaintiff filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc.1). Attached to Plaintiff's motion is a copy of the proposed complaint, as well as a copy of a Memorandum Opinion and Decision dated March 14, 2014 in Case No. 1:14-cv-210, one of many cases previously filed by the same Plaintiff. (Docs. 1-1, 1-2). In the latter case, U.S. District Judge Timothy S. Black, the same presiding judge assigned to Plaintiff's current case, describes how Plaintiff has "inundated this court with complaints containing incoherent and irrational allegations" and has previously been "warned that if he continues to submit similar complaints he may be subject to sanctions." (Doc. 1-2 at 3). Declaring Plaintiff to be a "harassing and vexatious litigator," Judge Black not only dismissed Plaintiff's complaint in Case No. 1:14-cv-210, but specifically prohibited Plaintiff "from filing any additional complaints without first obtaining leave of Court."[1]

---

[1] More severe pre-filing sanctions have been imposed against similar vexatious litigators. *See, e.g., Baldwin v. Fifth Third*, Case No. 1:14-cv-466-SJD, Doc. 9, Order of 7/14/14, restricting litigator from filing any complaint that has "not first been <u>certified as non-frivolous by an attorney</u> in good standing in this Court or the jurisdiction in which he or she is admitted or in the alternative if payment if in full is made." (emphasis added).

(Doc. 1-2 at 7). Judge Black specifically directed the Clerk of Court "to reject any additional complaints that Mr. Smiley attempts to file unless he moves for, and is granted, leave to file a new complaint by this Court." (*Id.*).

Regrettably, the Clerk accepted the instant filing, opening a new "miscellaneous" case number, even though Plaintiff did not file a motion seeking leave to file his complaint, and filed only a standard motion to proceed *in forma pauperis*. The most cursory review of the tendered complaint confirms that - once again – it is patently frivolous. Ordinarily, when a frivolous complaint is tendered by someone seeking to proceed *in forma pauperis*, the undersigned would issue an order granting the plaintiff leave to proceed *in forma pauperis*, thereby allowing the complaint to be filed as a new civil case. At the same time, the undersigned would issue a Report and Recommendation, recommending dismissal of the entire case pursuant to 28 U.S.C. §1915(e)(2)(B). This same procedure has been followed numerous times in Plaintiff's prior cases. To follow the usual course of proceedings in the instant case would amount to both a waste of scarce judicial resources and a frustration of Judge Black's clearly stated intention.

Accordingly, **IT IS RECOMMENDED THAT:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) be DENIED, and this miscellaneous case be dismissed and closed;

2. The Clerk be directed to refuse to accept <u>any</u> new filings from Mr. Smiley other than a motion for leave to file a new complaint, with any *in forma pauperis* motion, new complaint, or other documents to be filed only as exhibits.

                       *s/ Stephanie K. Bowman*
                       Stephanie K. Bowman
                       United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ANDRE SMILEY,　　　　　　　　　　　　　　　Case No. 1:15-mc-02

　　　　Plaintiff,　　　　　　　　　　　　　　Black, J.
　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
　　v.

TPA. PATALK,

　　　　Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

　　　　　　　　　　　　　　　　　　　　　　 *s/ Stephanie K. Bowman*
　　　　　　　　　　　　　　　　　　　　　　Stephanie K. Bowman
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge